

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,290-02

**EX PARTE FELIX HERNANDEZ CISNEROS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-60536-U(A) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

A jury convicted Applicant of aggravated sexual assault while using a box cutter as a deadly weapon. The appellate court affirmed the conviction, and mandate issued in 2014. *Cisneros v. State*, No. 05-12-01532-CR (Tex. App.—Dallas del. Jun. 25, 2014). In 2022, Applicant filed a habeas application in the county of conviction complaining that his trial counsel (1) failed to impeach the victim's trial testimony with prior inconsistent statements she had given regarding the details of the sexual assault and (2) failed to have the box cutter tested for DNA, because he says his DNA would not be on it. *Strickland v. Washington*, 466 U.S. 668 (1984). The State and Applicant asked the trial court to designate issues and obtain an affidavit from trial counsel. The district clerk later forwarded the habeas application to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings on laches. *See Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: JUNE 08, 2022
Do not publish